## W. JOHNSON v. A. and J. E. HUGHES.

Action for the forfeiture, for failing to keep a cotton gin enclosed, is barred, if not instituted within the year.

A WARRANT was issued on the 6th day of June, 1826, by a justice of the peace of Shelby county, at the suit of William Johnson against Abner and John E. Hughes, to re- over a forfeiture of $20, which they were charged with having incurred, by failing to keep their cotton gin sufficiently enclosed. On the 19th day of November. 1834, the justice gave judgement against the defendants, and

they appealed to the Circuit Court; the Circuit Court. adjudged that the action was barred by the statute of limitations. Johnson here assigned this matter as error.

MARDIS, for plaintiff.

The action was instituted under authority of our statute of 1810, which imposes a forfeiture of $20 on a gin-holder, for every day he shall neglect or fail to comply *a* Laws Ala. 104. with the requisitions of the statute. *a* The Circuit Court adjudged that the action was barred by the forty-ninth *b* Laws Ala. 215. section of the act of 1807. *b* The title and whole body of this last mentioned statute, shew that crimes and misdemeanors were the subjects in the contemplation of the Legislature throughout its enactment. The forty-ninth section prescribes limitations to prosecutions by the government, not to actions by the citizen ; " nor shall any person be *prosecuted* for any fine or forfeiture incurred under a penal statute, unless the *prosecution* for the same shall be instituted within twelve months," &c. Twice in the sentence, the idea of prosecution is presented ; the term is technical. From the whole matter of the statute, it is to be inferred that the framers of the law here used it in its technical sense. But this was not a prosecution against a public offender, but an action at the suit of " the party injured." The fine or forfeiture referred to in the act of 1807, is for the punishment of the offender for the sake of public example. It is to be paid into the public coffers ; the government may release it ; the proper officers of the government may abandon the prosecution after it has been instituted. But the right to the sum forfeited under the act of 1810, vests in the party injured ; it is to be applied to his own use ; the government cannot release it ; it is to be *sued for* and recovered by him, and not to be inflicted on conviction or prosecution ; it is stated damages allowed to him by law, as some compensation for the risk to which his property is exposed by the delinquency which the statute forbids. It is true, the statute authorizes him to recover special damages also. But instances might readily be cited, in which both these remedies are given or reserved by statute. But the statute of 1810, created the right of action in cases of this sort. How could the Legislature of 1807 foresee and limit such right of action? He cited 3 Term R. 154, 155, note *a*. 1 L. Ray. 172. 1 Tennessee R. 71. H. Bla. 10, 13.

W. K. BAYLOR, for defendants.

The statute of 1810 saves the right of action for special damages. This proceeding was to recover a forfeiture, charged to have been incurred under a penal statute. But the term *prosecution* in the forty-ninth section of the act of 1807, applies to actions for the recovery of the penalty as well as to indictments. &c. And this statute of limitations applies to penalties or forfeitures created after as well as before its enactment. [a]

Statutes of limitation surely should not be so strictly construed by the word and letter, as to defeat their objects and leave the citizens liable to many of the vexations from which the statute was designed to protect them. If the statute of 1807 does not limit such actions as this, I know of no statute which does; and every gin holder in the State who may have failed, ever since the act of 1810 was in force, to comply with its requisitions, though there has been no complaint during all this time, may be ruined by some speculator in litigation; for the penalty of $20 for each days delinquency may yet be recovered of him. But I will not attempt to add to the reasoning of Chief Justice Marshall in the case I have cited. It is conclusive on this case.

JUDGE CRENSHAW delivered the opinion of the Court.

IN the construction of a statute limiting the time for instituting a prosecution for a fine or forfeiture, the words *prosecution* or *prosecuted*, will apply to any proceeding for the recovery of the fine or forfeiture, to an action of debt as well as to a prosecution by indictment.

The forty-ninth section of the statute of 1807, is general and prospective in its operation, and applies not only to penalties and forfeitures to be incurred under laws then in being, but also to forfeitures arising under laws thereafter to be passed. In the present case, the reason for this construction is stronger, because the action for special damages is expressly reserved by the statute of 1810. [b] We are of opinion that the action for the forfeiture was barred by the lapse of twelve months after it had been incurred and before the institution of the action.

Judgement affirmed.

The CHIEF JUSTICE not sitting.

[b] 2 Cranch 340. Adams' qui tam vs. Woods.